Annette W. Jarvis (1649)
Steven T. Waterman (4164)
Dorsey & Whitney
170 South Main Street #900
Salt Lake City, Utah 84145-0385
Telephone: (801) 933.8920
Facsimile: (801) 933.7373
Email: jarvis.annette@dorsey.com
Email: waterman.steven@dorsey.com

Attorneys for
James T. Markus Chapter 11 Trustee

John F. Young (Pro Hac Vice – Docket 1844)
MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Telephone: (303) 830-0800
Facsimile: (303) 830-0809
Email: jyoung@bmwllc.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 02-21455 (WTT)** |
| GENEVA STEEL LLC | ) | (Jointly Administered Chapter 11) |
| | ) | |
| GENEVA STEEL HOLDINGS CORP., | ) | Case No. 02-35385 |
| | ) | |
| IRON ORE MINES LLC, | ) | Case No. 02-35386 |
| | ) | |
| WILLIAMS FARM LLC, | ) | Case No. 02-35387 |
| | ) | |
| Debtors. | ) | |

## MOTION TO APPROVE SETTLEMENT AGREEMENTS WITH KAYE SCHOLER AND STEPHEN E. GARCIA

James T. Markus the duly chapter 11 trustee ("Trustee") for the above-captioned Debtors and the Trustee for each of the Liquidating Trusts formed in accordance with the Second Amended Plan of Reorganization hereby requests the Court approve the Settlement Agreement executed by the Trustee and Kaye Scholer LLP, Kaye Scholer LLC and its affiliates (collectively "Kaye Scholer") dated August 27, 2009 ("Kaye Scholer Agreement") and the Settlement

Agreement executed by the Trustee and Stephen E. Garcia ("Garcia") dated September 9, 2009 (the "Garcia Agreement"). In support of this motion, the Trustee states as follows:

## I. BACKGROUND

A.    Parties to the Settlement Agreements.

1.    Each of the above-referenced Debtors filed voluntary chapter 11 cases which are currently pending in the United States Bankruptcy Court for the District of Utah, Central Division ("Court"). These cases were jointly administered within Case No. 02-21455.

2.    James T. Markus is the duly appointed chapter 11 trustee ("Trustee") for each of the bankruptcy estates of Geneva Steel LLC ("Geneva"), Geneva Steel Holdings Corporation ("Holdings"), Iron Ore Mines LLC ("Iron Ore"), and Williams Farm LLC ("Williams Farm"). Mr. Markus is also the Trustee for the Liquidating Trusts created under the Second Amended Chapter 11 Plan ("Plan") confirmed herein ("Plan").

3.    Kaye Scholer is a collection of partnerships and limited liability companies, engaged in providing professional law services that served as legal counsel for the Debtors both before the filing of the Debtors' petitions for relief under title 11 of the United States Code and during their operations as debtors in possession before this Court, prior to appointment of the Trustee.

4.    Garcia is a former partner in Kaye Scholer and he was one of the attorneys at Kaye Scholer primarily responsible for the bankruptcy representation of the Debtors.

B.    Summary of Claims.

5.    The Trustee previously brought certain claims against Kaye Scholer seeking

disgorgement of fees. The Trustee has also asserted claims against Kaye Scholer and Garcia

seeking to recover damages for alleged malpractice. The Trustee's claims for disgorgement of

fees were resolved pursuant to a previous settlement agreement with Kaye Scholer and which

agreement was approved by this Court on August 14, 2007 (Docket No. 3442).

6.    The allegations forming the basis for the Trustee's malpractice claims against

Kaye Scholer and Garcia are set forth and detailed in Second Amended Complaint filed by the

Trustee (Docket No. 50) in Adversary Proceeding No. 06-02309 (the "Adversary Proceeding")

pending before this Court. The Trustee believes that Kaye Scholer and Garcia are liable to the

Debtors' estates (particularly, the Geneva estate) for the damages suffered by them as the result

of legal malpractice. Both Kaye Scholer and Garcia deny these allegations made by the Trustee.

7.    The Trustee believes that the damages caused to the Geneva estate as a result of

legal malpractice by Kaye Scholer and Garcia currently totals between $8 million and $15

million. Again, Kaye Scholer and Garcia deny that malpractice was committed and at least one

of the experts retained by Kaye Scholer in the Adversary Proceeding will testify that even if

malpractice occurred, the Debtors' estates suffered no damages as a result. It must also be noted

that a portion of the damages which the Trustee is seeking to recover from Kaye Scholer and

Garcia may be also attributable to the wrongful actions of Albert Fried & Co. Therefore, Kaye

Scholer and Garcia's liability might be reduced if certain recoveries are made from Albert Fried

& Co., another viable source of recovery.

8.      The Trustee, with the assistance of his counsel, has conducted an extensive investigation of Garcia, Kaye Scholer and their representations, relationships and activities in regard to the Debtors, their estates and various creditors and parties in interest herein. Based on this extensive investigation, the Trustee believes that management of Kaye Scholer had no actual knowledge of Garcia's activities which form the basis of the Trustee's malpractice claims. By all indications, it appears to the Trustee that these matters may have been hidden by Garcia from Kaye Scholer management as well as most creditors and parties in interest herein. Similarly, the activities and failures forming the basis of the alleged legal malpractice claim against Kaye Scholer appear to arise as the result of actions and inactions primarily undertaken by Garcia without participation by or knowledge of other attorneys at Kaye Scholer.

9.      During the course of the Trustee's investigation of Garcia and Kaye Scholer, attorneys and other personnel at Kaye Scholer fully complied with requests for information and assisted the Trustee in uncovering information regarding Garcia's relationships and activities herein. The Trustee believes that Kaye Scholer's behavior and assistance should be taken into account in analyzing the fairness of the Kaye Scholer Agreement.

## II. SETTLEMENT BETWEEN TRUSTEE AND KAYE SCHOLER

10.     The Trustee, with the assistance of counsel, has engaged in numerous hours of good faith negotiations with Kaye Scholer to determine a fair and equitable settlement of the issues existing between the Debtors' estates and Kaye Scholer. The Trustee, with the assistance and advice of counsel, has reached what he believes to be a positive settlement with Kaye Scholer which is in the best interests of the estates in light of the inherent risks of litigation. The

terms of this settlement are set forth in the Kaye Scholer Agreement which the Trustee has requested be held under seal.

11.     Although the Kaye Scholer Agreement is confidential, the material terms are not unusual. Kaye Scholer is paying to the Geneva Liquidating Trust an amount of money which the Trustee believes is fair and reasonable to release the malpractice claims against Kaye Scholer. The parties are also exchanging mutual releases.

### III.  SETTLEMENT BETWEEN TRUSTEE AND GARCIA

12.     The Kaye Scholer Agreement is contingent upon the Trustee providing a release to Garcia. Furthermore, Garcia has claimed throughout the pendency of the adversary proceeding that he is "judgment proof." The Trustee does not believe that Garcia is a source of significant monetary recovery. Furthermore, the payment being made by Kaye Scholer justifies the release of Garcia as well. Lastly, Garcia is also providing a release to the Trustee in exchange for the release he is getting. A true and accurate copy of the Garcia Agreement is attached hereto as **Exhibit 1**.

### IV.  THE SETTLEMENTS ARE IN THE BEST INTERESTS OF THE ESTATES

13.     The law favors compromise and settlement of disputes among parties. *Stanspec Corp. v. Jelco, Inc.*, 464 F.2d 1184 (10th Cir. 1972). Bankruptcy Rule 9019 provides that, after a hearing on notice to creditors, the court may approve a compromise or settlement. The court must determine whether the compromise or settlement is fair and equitable and in the best interests of the debtor's estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1967); *In re Kaiser Steel Corp.*, 105 B.R. 971, 976 (D. Colo.

1989). The court is not required, however, to conduct a "mini-trial" to decide the questions of

law or fact raised by the settlement. *In re Lee Way Holding Co.*, 82 B.R. 847, 853 (Bankr. S.D.

Ohio 1990).

14.    The decision of the bankruptcy court approving a settlement "may be disturbed

only when it achieves an unjust result amounting to a clear abuse of discretion." *Reiss v.*

*Hagmann*, 881 F.2d 890, 892 (10th Cir.1989). In evaluating a proposed compromise, it is not

necessary for the court to resolve the issues, but only to identify them so that the reasonableness

of the compromise may be evaluated. *In re Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo.

1986).

15.    The court has abundant latitude and broad discretion in determining whether to

approve a proposed compromise or settlement. *In re Goldstein*, 181 B.R. 367, 370 (Bankr. S.D.

Ohio 1991). The court should approve the compromise or settlement unless it "falls below the

lowest point in the range of reasonableness." *In re Carson*, 82 B.R. 847, 853 (Bankr. S.D. Ohio),

*quoting Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), *cert. den'd*, 464

U.S. 822 (1983)).

16.    In evaluating the settlements with Kaye Scholer and Garcia, the following criteria

are applicable:

> ... most circuit courts that have considered the issue have adopted a
> uniform standard by which the bankruptcy judge or other trial officer
> should be governed in the hearing on a motion to approve a compromise.
> According to these cases, the court should consider: (a) the probability of
> success in the litigation; (b) the difficulties, if any, to be encountered in
> the matter of collection; (c) the complexity of the litigation involved, and
> the expense, inconvenience and delay necessarily attending it; (d) the

> paramount interest of the creditors and a proper deference to their reasonable views in the premises. In other words, therefore, a compromise will be approved when it is both "fair and equitable" and in the best interests of the estate.

10 COLLIER ON BANKRUPTCY § 9019.02 (15th ed. 1996)(footnotes omitted); *See also, In re Kopexa Realty Venture*, 213 B.R. 1020, 1022 (BAP 10th Cir. 1997), *citing, Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 356 (5th Cir.1997); *American Employers' Ins. Co. v. King Resources Co.*, 556 F.2d 471 (10th Cir.1977); *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971 (D.Colo.1989).

17.    All of the above-described criteria, when applied to the facts of this matter, work in favor of approving the settlements and compromises with Kaye Scholer and Garcia. The agreement with Kaye Scholer provides substantial and immediate economic benefits to the Geneva Liquidating Trust. The settlement also allows the Geneva Liquidating Trust to avoid the substantial costs, fees, expenses and delays which would be incurred in litigating and trying the malpractice claims against Kaye Scholer. The Trustee currently estimates that further litigation, trial and appeals of the malpractice claims will cost the Geneva estate at least $500,000 plus at least two years of delay. The trial of the claims against Kaye Scholer, Garcia, Albert Fried & Co. and Steelman are currently scheduled for 24 trial days over four months. The settlements with Kaye Scholer and Garcia will reduce the amount of trial time and trial expense. Furthermore, the settlements with Kaye Scholer and Garcia allow the Trustee to focus his efforts

and resources upon the more substantial claims which remain pending against Albert Fried &

Co., Adversary Proceeding No. 05-2578.

A.    <u>Probability of Success</u>.

18.    Although a case can be made that the potential damages recoverable from Kaye

Scholer and Garcia exceed the settlement payment to be made by Kaye Scholer, the Trustee

believes that the litigation risks in seeking a judgment against Kaye Scholer and Garcia in this

Court or through a subsequent appellate court are material.  Kaye Scholer and Garcia dispute and

deny the allegations forming the basis for the Trustee's claims and they have vigorously

defended against the same.  It is therefore uncertain whether the net recovery of damages from

Kaye Scholer and Garcia would exceed the settlement amount.

B.    <u>Difficulties in Collecting</u>.

19.    Given the financial wherewithal of Kaye Scholer, the difficulties in collecting

from Kaye Scholer is not a factor for consideration in analyzing whether the Kaye Scholer

Agreement should be approved.  However, an important consideration weighing in favor of

settlement is that a recovery from Kaye Scholer under the settlement will come at least two years

before any recovery under a possible judgment against Kaye Scholer. The difficulties in

collecting does weigh in favor of the settlement with Garcia because Garcia has consistently

claimed that he is "judgment proof," and the Trustee believes collection activities against Garcia

will be difficult and time consuming, at best.

C.     Complexity and Expense of Litigation.

20.     The malpractice claims against Kaye Scholer and Garcia are complex. The damages incurred by the estates are strongly disputed as evidenced by several expert reports submitted in the Adversary Proceeding against Kaye Scholer and Garcia. The lengthy trial and appeals required to reach a conclusion on the malpractice claims will likely prove to be quite involved. Given the substantial amount of damages at issue, Kaye Scholer will present a robust case. The amounts involved also require the Trustee, his counsel, and the various experts retained by the Trustee to expend significant amount of resources in presenting the malpractice claims. Therefore, the expense to the estates of litigating the malpractice claims will be substantial (i.e. up to $1 million). Furthermore, the litigation of the malpractice claims through trial will require significant expenditures of time by Kaye Scholer, Garcia, the Trustee and this Court in order to resolve the same. At the end of the day, the Trustee is concerned that further litigation over the malpractice claims may result in a lower net benefit to the Geneva Liquidating Trust than the benefits achieved under the Kaye Scholer Agreement and the Garcia Agreement.

D.     Best Interest of Creditors.

21.     Although the Trustee believes that the malpractice claims are strong, the Trustee also believes that it is likely that following a trial and the costs associated therewith that the net benefit to the Geneva Liquidating Trust may not exceed the benefits being achieved by the Kaye Scholer Agreement. Therefore, the Trustee believes that the Kaye Scholer Agreement and the Garcia Agreement are in the best interests of creditors. Under the chapter 11 plan ("Plan") confirmed in these cases, the Trustee is required to exercise his reasonable business judgment in

determining which actions are in the best interests of the Liquidating Trusts.  Furthermore, an

Advisory Committee, comprised of the largest unsecured creditors herein, was created under the

Plan.  Among other things, the Plan provides the Advisory Committee with certain authority and

power in regard to settlement and disputed claims.  Plan, Art. 5, §5.7.  The Advisory Committee

is aware of the material terms of the Kaye Scholer Agreement and has indicated its support of a

settlement with Kaye Scholer consistent with the material terms of the Kaye Scholer Agreement.

22.    Given the substantial economic benefit to the estates herein from the Kaye

Scholer Agreement and the Garcia Agreement and the ability of the estate to avoid expensive

and protracted litigation with Kaye Scholer and Garcia, the Trustee believes that the settlements

are in the best interests of the estates.

WHEREFORE, the Trustee respectfully requests that this Court approve the Settlement

Agreement with Kaye Scholer in the form filed with the Court under seal.  The Trustee also

requests that this Court approve the Settlement Agreement with Garcia in the form attached

hereto. The Trustee also asks that this Court grant such other and further relief as the Court

deems just and appropriate.

Respectfully submitted this 9th day of September, 2009.

MARKUS WILLIAMS YOUNG & ZIMMERMANN, LLC

By:     /s/John F. Young
John F. Young, Esq.
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203-4505
Telephone (303) 830-0800
Facsimile (303) 830-0809
e-mail: jyoung@bmwllc.com

Attorneys for Chapter 11 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2009, I caused a true and correct copy of the foregoing **MOTION TO APPROVE SETTLEMENT AGREEMENTS WITH KAYE SCHOLER AND STEPHEN E. GARCIA** to be placed into the United States mail, first class postage prepaid and correctly addressed as follows:

See Attached Service List

_____
        *s/Connie Windholz*

Adam S. Affleck
Prince Yeates & Geldzahler
City Center 1, Ste. 900
175 East 400 South
Salt Lake City, UT 84111

Steven R. Bailey
2454 Washington Blvd
Ogden, UT 84401-2312

Edwin C. Barnes
Clyde Snow Sessions & Swenson
201 South Main Street, 13th Floor
Salt Lake City, UT 84111-2216

J. Thomas Beckett
Parsons Behle & Latimer
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, UT 84145-0898

William D. Berry
400 Sansome Street
San Francisco, CA 94111

William McCarron, Jr.
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, DC 20005-4026

Stephen J. Blauner
Milbank Tweek Hadley & McCloy
1 Chase Manhattan Plaza
New York, NY 10002

John H. Bogart
Howrey LLP
Wells Fargo Plaza
170 South Main Street, Suite 400
Salt Lake City, UT 84101

Alan C. Bradshaw
Manning Curtis Bradshaw & Bednar
10 Exchange Place , Third Floor
Salt Lake City, UT 84111

Mona Lyman Burton
Holland and Hart
60 East South Temple, Suite 2000
Salt Lake City, UT 84111

Robert A. Burton
P.O. Box 27206
Salt Lake City, UT 84127-0206

J. Randall Call
Prince Yeates & Geldzahler
175 East 400 South, Suite 900
Salt Lake City, UT 84111

Scott A. Call
Anderson & Karrenberg
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101

Ben T. Caughey
ICE MILLER
One American Square
Box 82001
Indianapolis, IN 46282

Laurie A. Cayton
U.S. Trustees Office
Ken Garff Bldg.
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Conrad K. Chiu
711 Third Avenue
20th Floor
New York, NY 10017

Craig A. Christensen
Lindquist & Vennum, P.L.L.P.
600 17th Street, Suite 1800 South
Denver, CO 80202

Andrew B. Clawson
Prince Yeates & Geldzahler
175 East 400 South, Suite 900
Salt Lake City, UT 84111

Thomas W. Coffey
Tucker Ellis & West LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1414

David R. Cooper
Choate Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109

P. Matthew Cox
Snow Christensen & Martineau
10 Exchange Place, 11th Floor
P.O. Box 45000
Salt Lake City, UT 84145

Ashleigh A. Danker
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067-6048

Joseph P. Davis, III
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Martin P. Desmery
Craig and Macauley
600 Atlantic Ave.
Boston, MA 02210

Stephanie Nolan Deviney
360 Haddon Avenue
PO Box 539
Westmont, NJ 856-854-8900

Alan P. DiGirolamo
1375 E. 9th Street
Suite 1700
Cleveland, OH 44114

John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX 77253-3064

Gary A. Dodge
Hatch, James & Dodge
10 West Broadway, Suite 300
Salt Lake City, UT 84101

Anna W. Drake
175 South Main Street
Suite 1250
Salt Lake City, UT 84111

Michael N. Emery
Richards Brandt Miller & Nelson
299 South Main Street
P.O. Box 2465
Salt Lake City, UT 84110-2465

L. Mark Ferre
1366 E. Murray Holladay Road
Salt Lake City, UT 84117

Elizabeth K. Flaagan
Faegre & Benson, LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203-4532

Stephen E. Garcia
53 W. Jackson Blvd.
Suite 1660
Chicago, IL 60604

Gill R. Geldreich
Assistant Attorney General in Tennessee
PO Box 20207
Nashville, TN 37202

Kenneth L. Cannon, II
Duane H. Gillman
Durham Jones & Pinegar
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110-4050

Matthew A. Gold
Argo Partners
12 West 37th Street, 9th Floor
New York, NY 10018

Glenn C. Hanni
Byron G. Martin
Ryan P. Atkinson
Strong & Hanni
3 Triad Center, Suite 500
Salt Lake City, UT 84180

Robert A. Hager
1375 East Ninth Street, Suite 1700
Cleveland, OH 44114

Robert B. Lochhead
Roger D. Henriksen
Parr Woddoups Brown Gee & Loveless
185 South State, Suite 1300
Salt Lake City, UT 84111

Kent A. Higgins
Merrill & Merrill
P.O. Box 991
Pocatello, ID 83204-0991

Michael S. Hindus
Pillsbury Winthrop
50 Fremont Street
PO Box 7880
San Francisco, CA 94120-7880

George B. Hofmann
Parsons Kinghorn & Harris
111 East Broadway, 11th Floor
Salt Lake City, UT 84111

Anna J. Hong
767 Fifth Avenue
New York, NY 10153

Vernon L. Hopkinson
Cohne Rappaport & Segal
257 East 200 South, Suite 700
P.O. Box 11008
Salt Lake City, UT 84147-0008

Michael T. Hoppe
LeBoeuf Lamb Greene & MacRae
1000 Kearns Building
136 South Main Street
Salt Lake City, UT 84101

Craig H. Howe
Miller Guymon, P.C.
165 South Regent Street
Salt Lake City, UT 84111

Michael L. Hutchings
Hutchings Baird & Jones
9537 South 700 East
Salt Lake City, UT 84070

John H. Jacobs
75 North Center
American Fork, UT 84003

Michael F. Jones
Baird & Jones
299 South Main Street, Suite 1300
Salt Lake City, UT 84111

Gary E. Jubber
Fabian and Clendinin
215 South State Street, Suite 1200
Salt Lake City, UT 84111

Stephen Karotkin
WEIL GOTSHAL & MANGES
767 Fifth Avenue
New York, NY 10153

Anthony C. Kaye
Ballard Spahr Andrews & Ingersoll, LLP
201 South Main Street, Suite 600
Salt Lake City, UT 84111

Danny C. Kelly
Mark E. Hindley
Julia R. Pettit
Stoel Rives LLP
One Utah Center
201 South Main Street, Suite 1100
Salt Lake City, UT 84111

Shane L. Keppner
Bennett Tueller Johnson & Deere
3165 East Millrock Drive, Suite 500
Salt Lake City, UT 84121

R. L. Knuth
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

Philip J. Kochman
Kochman, Donati & Charbonnett
12012 Wickchester Suite 310
Houston, TX 77079

Steven Kenneth Kortanek
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

Brian J LaFlamme
301 W. High Street Rm 670
P.O. Box 475
Jefferson City, MO 65105-0475

David E. Leta
Amy K. Smedley
Snell & Wilmer
15 West South Temple, Suite 1200
Beneficial Tower
Salt Lake City, UT 84101-1547

Steven J. McCardell
Durham Jones & Pinegar
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT 84110-4050

Charles F. McVay
1401 17th Street, Suite 1100
P O Box 17180
Denver, CO 80217

Joel L. Miller
Anthony Stamato
Kaye Scholer
Three First National Plaza
70 W. Madison Street Ste 4100
Chicago, IL 60602

Keith R. Murphy
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Peter J. Kuhn trustee
9 Exchange Place
Boston Building, Suite 100
Salt Lake City, UT 84111

Sherri Blank Lazear
Baker & Hostetler
Capitol Square - Suite 2100
65 East State Street
Columbus, OH 43215-4260

Stephen W. Lewis
Attorney General's Office
160 East 300 South, Suite 500
P.O. Box 140874
Salt Lake City, UT 84114-0874

R. Mont McDowell
Durham Jones & Pinegar
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110

Blake D. Miller
Miller Guymon, PC
165 South Regent Street
Salt Lake City, UT 84111

Cy H. Castle Jr.
John T. Morgan
US Trustees Office
Ken Garff Bldg.
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Jerry C. Oldshue, Jr.
Rosen Cook Sledge Davis Shattuck
P.O. Box 2727
Tuscaloosa, AL 35403

Sherilyn A. Olsen
Holland & Hart
60 East South Temple, Suite 2000
Salt Lake City, UT 84111-1031

Eric C. Olson
Kirton & McConkie
60 East South Temple #1800
P.O. Box 45120
Salt Lake City, UT 84145-0120

Orrick Herrington & Sutcliffe
400 Sansome Street
San Francisco, CA 94111

Bryce D. Panzer
Blackburn & Stoll
257 East 200 South, Suite 800
Salt Lake City, UT 84111

Douglas J. Payne
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323

Nancy A. Peterman
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601

David L. Pinkston
Snow Christensen & Martineau
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, UT 84145

Daniel D. Price
U.S. Attorney's Office
185 South State Street, Suite 300
Salt Lake City, UT 84111

Robert S. Prince
Kirton & McConkie
60 East South Temple
Eagle Gate Tower, Suite 1800
Salt Lake City, UT 84111-1004

Lloyd Randolph
United States Department of Justice
1100 L. Street N.W.
Washington, DC 20005

Mark E. Rinehart
4 Triad Center, Suite 800
305 West North Temple
Salt Lake City, UT 84180

Jerome Romero
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

Trent L. Rosenthal
BOYAR & MILLER
4265 San Felipe, Suite 1200
Houston, TX 77027

Arthur F. Sandack
8 East Broadway Street, Suite 510
Salt Lake City, UT 84111

Jeffrey Weston Shields
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

Gerald H. Suniville
Van Cott Bagley Cornwall & McCarthy
36 South State Street, Suite 1900
P.O. Box 45340
Salt Lake City, UT 84145

Diana M. Thimmig
1100 Huntington Building
Cleveland, OH 44115-1475

Michael R. Johnson
Ray Quinney & Nebeker
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385

Paul M. Warner
185 South State Street, Suite 400
Salt Lake City, UT 84111

Shawn T. Welch
Pruitt Gushee & Bachtell
1850 Beneficial Life Tower
Salt Lake City, UT 84111

Kent O. Willis
Deputy Utah County Attorney
100 East Center, Suite 2400
Provo, UT 84606

Zachary T. Shields
Callister Nebeker & McCullough
Zions Bank Building, Suite 900
10 East South Temple
Salt Lake City, UT 84133

James C. Swindler
175 East 400 South
Suite 900
Salt Lake City, UT 84111

Roger P. Thomasch
Carl Eklund
Ballard Spahr Andrews & Ingersoll, LLP
1225 17th Street Ste 2300
Denver, CO 80202

Philip Warden
Pillsbury Winthrop LLP
50 Fremont Street
PO Box 7880
San Francisco, CA 94120-7880

Steven T. Waterman
Dorsey & Whitney LLP
136 South Main Street, Suite 1000
P.O. Box 45925
Salt Lake City, UT 84145-0925

Michael B. Willey
312 8th Avenue North, 27th Floor
Nashville, TN 37243

Kim R. Wilson
Snow Christensen & Martineau
10 Exchange Place 11th Floor
P.O. Box 45000
Salt Lake City, UT 84145

David L. Yohai
767 Fifth Avenue
New York, NY 10153

David Ziegler
435 Sixth Avenue
Pittsburgh, PA 15219

Michael N. Zundel
Prince Yeates & Geldzahler
City Centre I, Suite 900
175 East 400 South
Salt Lake City, UT 84111

Milo Steven Marsden
Dorsey & Whitney LLP
170 South Main Street
Suite 900
Salt Lake City, UT 84101

Chris Lenhart
Dorsey & Whitney LLP
555 California Street, Ste 1000
San Francisco, CA 94101-1513

Alan L. Smith
1492 Kensington Avenue
Salt Lake City, UT 84105

## SETTLEMENT AGREEMENT
### (Stephen E. Garcia)

This SETTLEMENT AGREEMENT (the "Agreement") is entered into this 9th day of September, 2009, by and among the parties described below that have executed the Agreement.

## I. PARTIES

1.      Geneva Steel LLC ("Geneva Steel") was a Delaware limited liability company with its principal place of business in Utah County, State of Utah. Geneva Steel's assets are currently in the possession of the Geneva Liquidating Trust.

2.      Geneva Steel Holdings Corporation ("Holdings") was a Delaware corporation with its principal place of business in Utah County, State of Utah. Holdings assets are currently in the possession of the Holdings Liquidating Trust.

3.      Iron Ore Mines LLC ("Iron Ore Mines") was a Delaware limited liability company with its principal place of business in Utah County, State of Utah. Iron Ore Mines' assets are currently owned by the Iron Ore Liquidating Trust.

4.      Williams Farm LLC ("Williams Farm") was a Delaware limited liability company with its principal place of business in Utah County, State of Utah. Williams Farm's assets are currently owned by the Williams Farm Liquidating Trust.

5.      James T. Markus (the "Trustee") is the duly appointed chapter 11 trustee for the bankruptcy estates of Geneva Steel, Holdings, Iron Ore Mines and Williams Farm in certain chapter 11 bankruptcy cases that are pending in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court") that are more particularly described below (collectively, Geneva Steel, Holdings, Iron Ore Mines and Williams Farm may be hereinafter referred to as the "Debtors"). The Trustee is also the Trustee of the Geneva Liquidating Trust, the Holdings Liquidating Trust, the Iron Ore Liquidating Trust, and the Williams Farm Liquidating Trust (collectively, the "Liquidating Trusts").

6.      Stephen E. Garcia ("Garcia") is a former partner in Kaye Scholer and he was one of the attorneys at Kaye Scholer primarily responsible for the bankruptcy representation of the Debtors.

## II. RECITALS

7.      Holdings was the owner of 100% of the membership interests of Geneva Steel, Iron Ore Mines and Williams Farm.

8.      Geneva Steel filed a voluntary petition for relief with the United States Bankruptcy Court for the District of Utah ("Bankruptcy Court") under chapter 11 of the Bankruptcy Code on January 25, 2002.

9.      Holdings filed a voluntary petition for relief with the Bankruptcy Court under chapter 11 of the Bankruptcy Code on September 13, 2002.

**EXHIBIT 1**

10.     Iron Ore Mines filed a voluntary petition for relief with the Bankruptcy Court under chapter 11 of the Bankruptcy Code on September 13, 2002.

11.     Williams Farm filed a voluntary petition for relief with the Bankruptcy Court under chapter 11 of the Bankruptcy Code on September 13, 2002.

12.     On January 25, 2002, Geneva Steel filed an application to employ Kaye Scholer as its lead bankruptcy counsel in connection with its chapter 11 case (the "Application;" see Case No. 02-21455, Docket No. 4).

13.     By order entered March 6, 2002, the Bankruptcy Court approved the employment of Kaye Scholer as counsel for Geneva Steel.

14.     On November 1, 2006, the Trustee filed his Second Amended Complaint ("Complaint") against Garcia and Kaye Scholer alleging the following claims and causes of action: (i) breach of duty of loyalty; (ii) negligence and (iii) disallowance of Kaye Scholer's claims pursuant to 11 U.S.C. § 502(d). The Complaint was assigned Adversary Proceeding No. 06-02309 (the "Adversary Proceeding").

15.     On November 8, 2006 the Bankruptcy Court entered its Order Confirming Trustee's Second Amended Joint Liquidating Plan under Chapter 11. As a result, the Liquidating Trusts now own and control all the assets of the Debtors, including, without limitation, the claims asserted in the Complaint.

16.     As further described in the Complaint, the Trustee believes that Kaye Scholer and Garcia may be liable to the Debtors' estates (now the Liquidating Trusts) for the damages purportedly sustained by them as the result of legal malpractice and other torts allegedly committed in representing the Debtors.

17.     Kaye Scholer and Garcia deny the Trustee's allegations made in the Complaint. Kaye Scholer and Garcia also deny any liability to the Debtors' estates for legal malpractice based on tort, negligence or any other theories.

18.     Kaye Scholer and the Trustee have entered into a separate Settlement Agreement dated August 27, 2009 resolving the disputes, claims and issues existing between them (the "Kaye Scholer/Trustee Agreement).

19.     Nothing in this Agreement shall constitute an admission of fact by a party hereto. Furthermore, this Agreement shall not be deemed to contain all the facts related to the Trustee's claims against Kaye Scholer and Garcia. The recitals set forth herein are only a limited summary.

20.     The parties to this Agreement have determined that substantially more time and expense would be incurred in order to resolve the disputes that exist among them should the dispute be litigated in a court of competent jurisdiction. The parties desire to avoid the further expense and uncertainty of protracted litigation and, after good faith negotiations, wish to resolve these disputes on the terms stated in this Agreement, all sides acknowledging that entry into this Agreement does not constitute an admission of liability by any party.

### III. AGREEMENT

NOW, THEREFORE, in consideration of the promises, covenants and agreements set forth in
this Agreement and for other good and valuable consideration, the parties agree as follows:

21.    Bankruptcy Court Approval. This Agreement is subject to, and shall not become
effective, until approved by written final order of the Bankruptcy Court. If the Bankruptcy Court
declines to approve the material terms and conditions of this Agreement, then this Agreement
shall be null and void and have no further force and effect, and each of the parties hereto shall be
free to exercise any and all of their respective rights and remedies with respect to the matters that
are the subject of this Agreement.

22.    Release by Garcia of the Geneva Steel Related Parties. Upon the effective date
of the Trustee Release (defined herein), Garcia hereby grants a general release and forever
discharges the Debtors, their bankruptcy estates, the Liquidating Trusts, the Trustee (and each of
them individually) and any one or all of their associates, affiliates, predecessors, successors,
heirs, assigns, agents and the employees, agents, attorneys, representatives, predecessors,
successors and assigns thereof (collectively, the "Geneva Steel Released Parties") from any and
all manner of actions, causes of action in law or in equity, suits, debts, liens, contracts, liabilities,
claims, demands, damages, losses, fees, costs, or expenses, set off, or claims for recoupment, of
any nature whatsoever known or unknown, fixed or contingent that Garcia may have, from the
beginning of time to the date hereof, or which may hereafter accrue against any one of the above
listed entities based upon any acts or omissions occurring prior to the date of this Agreement
including, without limitation, any and all claims arising out of, or in any way related to, Kaye
Scholer or Garcia's relationship or dealings with the Geneva Steel Released Parties. Without
limiting the generality of the foregoing, the release contained herein will result, in among other
things, the release and waiver by Garcia of any and all claims for sanctions, attorneys fees, costs
and expenses including, without limitation, the motions filed by Garcia under Fed. R. Civ. Pro.
11; docket numbers 23, 24, and 25 in the Adversary Proceeding against Steven T. Waterman and
the law firm of Ray, Quinney and Nebeker P.C..

23.    Release by Trustee of Garcia and Reservation of Rights. Upon receipt by the
Trustee of the Payment described and defined in the Kaye Scholer/Trustee Agreement, the
Trustee, on behalf of the Debtors, their estates, the Liquidating Trusts (individually and
collectively), hereby grants a general release and forever discharges Garcia from any and all
manner of actions, causes of action in law or in equity, suits, debts, liens, contracts, liabilities,
claims, demands, damages, losses, fees, costs, or expenses, set off, or claims for recoupment, of
any nature whatsoever known or unknown, fixed or contingent that the Trustee may have, from
the beginning of time to the date hereof, or which may hereafter accrue against Garcia based
upon any acts or omissions occurring prior to the date of this Agreement including, without
limitation, any and all claims arising out of, or in any way related to, Kaye Scholer or Garcia's
relationship or dealings with the Debtors, the Liquidating Trusts or the Trustee (the "Trustee
Release"). Notwithstanding the foregoing, Garcia and the Trustee hereby acknowledge,
understand and agree that: (i) the above described Trustee Release does not benefit or apply to
any person or entity other than Garcia; and (ii) the Trustee, on behalf of the Liquidating Trusts,
the Debtors and each of their estates, hereby reserves and intends to fully pursue any and all
manner of actions, causes of action in law or in equity, suits, debts, liens, rights, contracts,

liabilities, claims, demands, damages, losses, fees, costs or expenses, set off, or claims for recoupment, of any nature whatsoever known or unknown, fixed or contingent which the Trustee, the Liquidating Trusts the Debtors, and/or their estates possess against any person, entity, defendant or obligor, including without limitation, AFCO, Fried, Steelman, and Steelman Realty. ("Reserved Claims"). Without limiting the generality of the foregoing and among other things, the term "Reserved Claims" includes, without limitation, those claims asserted by the Trustee in the adversary proceeding captioned *James T. Markus, Trustee v. Albert Fried, Jr., Albert Fried & Co., LLC, and Steelman Inc.; Adversary Proceeding No. 05-02578* currently pending in the Bankruptcy Court. The parties to this Agreement further acknowledge, understand and agree that if a court of competent jurisdiction determines that the Trustee Release is to be interpreted, construed or governed under laws other than the laws of the State of Utah, and if the laws of such other state or jurisdiction negatively impacts the Trustee's ability or right to pursue the Reserved Claims, then the Trustee Release shall be deemed to constitute a covenant not to sue Garcia and not a release of Garcia.

24.    Dismissal of Adversary Proceeding. Within 5 days following the Trustee's receipt of the Payment described and defined in the Kaye Scholer/Trustee Agreement, the Trustee and Garcia hereby agree to file a stipulation dismissing the Adversary Proceeding with prejudice and with each party to bear its own fees and costs in a form substantially similar to that attached hereto as Exhibit A.

25.    Governing Law. This Agreement is made pursuant to and shall be governed by laws of the State of Utah and, where applicable, the Bankruptcy Code.

26.    Disputes. Any claims or cause of action, whether legal or equitable, arising out of or based upon this Agreement or related documents shall be commenced in the Bankruptcy Court. Each party to this Agreement hereby consents to the jurisdiction, venue and process of the Bankruptcy Court.

27.    Construction of Agreement. This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with the laws of the State of Utah. This Agreement has been negotiated by counsel for each of the parties and the language of the Agreement shall not be construed for or against any particular party. Any capitalized term not defined herein shall have the meaning ascribed to such term in the motion filed within the Court seeking approval of this Agreement.

28.    No Third Party Beneficiaries. The promises, covenants, agreements releases and other obligations of the parties to this Agreement are not intended to nor do they create any right or benefit for any person or entity other than the Geneva Steel Related Parties and Garcia. The parties to this Agreement specifically acknowledge, agree and understand that the releases and the covenant not to sue (if the Trustee Release is deemed or becomes a covenant not to sue) provided for in this Agreement are to be construed and interpreted consistent with the provisions of Utah Code §78-27-42, and Utah Code §15-4-4, and that the only persons benefiting from the Trustee Release and covenant not to sue (if applicable) is Garcia. As further described herein, the Trustee specifically reserves any and all claims, rights and causes of action which the Trustee, the Debtors or their estates possess or hold against all persons, entities, defendants and/or obligors except Garcia.

29.    Incidental Acts. Each Party to this Agreement agrees to perform any other or further acts, and execute and deliver any other or further documents, as may be necessary or appropriate to implement this Agreement.

30.    Amendment to Agreement. Any amendment to this Agreement must be in writing signed by duly authorized representatives of the parties hereto and stating the intent of the parties to amend

31.    Costs of Litigation. In the event any litigation action or other proceeding is brought for the enforcement of this Agreement or, because of an alleged dispute, default, misrepresentation or breach in connection with any provision of this Agreement, the successful or prevailing party or parties shall be entitled to recover from the unsuccessful or losing party or parties reasonable attorneys' fees, costs and expenses actually incurred in initiating, pursuing or responding to such proceeding in addition to any other relief to which the prevailing party or parties may be entitled.

32.    Authorization. Each party hereto represents and warrants that it has full power and authority to enter into this Agreement and each party represents and warrants that there has been no assignment or other transfer of a claim, cause of action or other liability which might affect or impair the releases and the covenant not to sue (if applicable) that are described in paragraphs 22 and 23 of this Agreement.

33.    Binding Effect. This Agreement shall be binding upon the parties hereto, their successors-in-interest, and assigns, including, any subsequently appointed trustee in the bankruptcy cases involving the Debtors or other representatives or agents of the Debtors' estates.

34.    Review by Counsel. This Agreement has been carefully read by the parties and each party has had the opportunity to consult with legal counsel regarding this Agreement; the contents hereof are known and understood by the parties; and each party executes this Agreement as its own free and voluntary act.

35.    Miscellaneous. A single number, when used herein, shall include the plural, and the plural shall include the singular, as the context may require. Masculine, feminine and neuter gender shall include such other genders as are appropriate.

36.    Counterparts. This Agreement may be executed in two or more identical counterparts, which together shall constitute one agreement. This Agreement, and any amendment or modification to it, may be executed by the parties hereto in any number of counterparts, each of which, once executed and delivered in accordance with the terms of this Agreement, will be deemed an original, and all such counterparts, taken together, shall constitute one and the same instrument. Delivery by fax or by encrypted e-mail or e-mail file attachment of any such executed counterpart to this Agreement, or any amendment or modification to it, will be deemed the equivalent of the delivery of the original executed agreement or instrument.

**GENEVA STEEL LLC**

BY:
ITS: Chapter 11 Trustee

**GENEVA STEEL HOLDINGS
CORPORATION**

BY:
ITS: Chapter 11 Trustee

**IRON ORE MINES LLC**

BY:
ITS: Chapter 11 Trustee

**WILLIAMS FARM LLC**

BY:
ITS: Chapter 11 Trustee

GENEVA LIQUIDATING TRUST

BY: _____
ITS: Trustee

HOLDINGS LIQUIDATING TRUST

BY: _____
ITS: Trustee

IRON ORE LIQUIDATING TRUST

BY: _____
ITS: Trustee

WILLIAMS FARM LIQUIDATING TRUST

BY: _____
ITS: Trustee

_____
STEPHEN E. GARCIA

PROPOSED ORDER BY:

Annette W. Jarvis (1649)
Steven T. Waterman (4164)
Dorsey & Whitney
170 South Main Street #900
Salt Lake City, Utah 84145-0385
Telephone: (801) 933.8920
Facsimile: (801) 933.7373
Email: jarvis.annette@dorsey.com
Email: waterman.steven@dorsey.com

John F. Young (Pro Hac Vice – Docket 1844)
MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Telephone: (303) 830-0800
Facsimile: (303) 830-0809
Email: jyoung@bmwllc.com

Attorneys for
James T. Markus Chapter 11 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>GENEVA STEEL LLC,<br><br>GENEVA STEEL HOLDINGS CORP<br>IRON ORE MINES, LLC, and<br>WILLIAMS FARM, LLC<br><br>    Debtors. | Case No. 02-21455 (GEC)<br>(Jointly Administered - Chapter 11)<br><br>    Bankruptcy Case No. 02-35385<br>    Bankruptcy Case No. 02-35386<br>    Bankruptcy Case No. 02-35387 |
| JAMES T. MARKUS, Chapter 11 Trustee of<br>GENEVA STEEL, LLC, GENEVA STEEL<br>HOLDINGS CORP., IRON ORE MINES,<br>LLC, and WILLIAMS FARM, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>STEPHEN E. GARCIA, an individual, and KAYE<br>SCHOLER LLP<br><br>    Defendants. | <br><br><br><br><br><br><br>**Adversary Proceeding No. 06-02309** |

## ORDER DISMISSING ADVERSARY PROCEEDING WITH PREJUDICE

THIS MATTER coming before the Court upon the Motion of James T. Markus ("Trustee") and Kaye Scholer, LLP and Kaye Scholer LLC and their subsidiaries and affiliates (collectively "Kaye Scholer") for an Order Dismissing the above-captioned adversary proceeding involving the Trustee, Kaye Scholer and Stephen E. Garcia (collectively, the "Parties"), due

**EXHIBIT A**

notice having been given, the claims between the Parties having been settled or otherwise resolved and for the reasons appearing in the record;

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted;

2.    The above-captioned adversary proceeding involving the Parties, Adversary Proceeding No. 06-02309, is hereby dismissed with prejudice and each of the Parties shall bear their own attorneys fees, other fees, costs and expenses incurred herein.

Dated this ____ day of _____ 2009.


_____
United States Bankruptcy Judge

2